**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| U.S. BANK, N.A., as Trustee for the Pooling and Servicing Agreement dated as of May 1, 2007 MASTR Asset Backed Securities Trust 2007-HEI Mortgage Pass-Through Certificates Series 2007-HEI, )))))) | |
| Plaintiff, )) | |
| vs. )) | CIVIL NO. 11-23-GPM |
| MARA GRAFF, et al., ))) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court sua sponte on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"). This case is an action to foreclose a mortgage brought by Plaintiff U.S. Bank, N.A. ("USB"), against Defendants Mara Graff and Ron J. Graff, who are the owners of real property situated in Monroe County, Illinois, upon which USB holds a mortgage, and Defendant Pepa Annel, who holds a lien on the property at issue in this case.[1]  USB asserts federal subject matter jurisdiction in this case on the basis of diversity of

_____

1.    Although Lumberyard Suppliers, Inc. ("LSI"), originally was named as a Defendant in this case, on February 1, 2011, LSI was dismissed as a party to this case on a motion to dismiss brought by USB that the Court construed as a notice of voluntary dismissal brought pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.

citizenship pursuant to 28 U.S.C. § 1332.  The Court's review of the complaint in this case discloses a flaw in USB's allegations of federal subject matter jurisdiction in diversity.  Accordingly, the Court will order USB to amend its complaint to allege correctly the Court's diversity jurisdiction.

The exercise of federal subject matter jurisdiction in diversity requires generally, of course, that the parties to a case be of diverse state citizenship and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy.  *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008).  "For a case to be within the diversity jurisdiction of the federal courts, diversity must be 'complete,' meaning that no plaintiff may be a citizen of the same state as any defendant."  *Fidelity & Deposit Co. of Md. v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)).  With respect to natural persons, to invoke diversity jurisdiction a natural person must be alleged to be a citizen of a state, not a resident of a state, with the state of the person's citizenship being the state where the person is domiciled, that is, the state where the person is physically present with the intent to remain there indefinitely.  *See Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ( "[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction.");  *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000) (quoting *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996)) ("[A]llegations of residence are insufficient to establish diversity jurisdiction.  It is well-settled that '[w]hen the parties allege residence but not citizenship, the court must dismiss the suit.'");  *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) ( "[A]lthough the parties claimed diversity jurisdiction, the complaint failed to allege the citizenship of either party, instead stating the residence of each.

Of course, allegations of residence are insufficient to establish diversity jurisdiction."); *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996) (stating that "'[c]itizenship' for purposes of [28 U.S.C.] § 1332 means domicile rather than residence" and that "it takes physical presence in a state, with intent to remain there, to establish domicile.").

With respect to legal persons, such as business entities, for purposes of federal diversity jurisdiction the citizenship of a national banking association is determined by reference to both the national banking association's principal place of business and "the state listed in its organization certificate." *Firstar Bank, N.A. v. Faul*, 253 F.3d 982, 994 (7th Cir. 2001) (citing 28 U.S.C. § 1348). *See also Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006); *Deutsche Bank Nat'l Trust Co. v. King*, Civil No. 10-331-GPM, 2010 WL 1874472, at *1 (S.D. Ill. May 7, 2010). The principal place of business of a business entity means, in turn, the state where the entity maintains its headquarters or "nerve center." *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-95 (2010); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 317 n.9 (2006); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986).  USB, as the proponent of federal jurisdiction in this case, bears the burden of proof as to the existence of such jurisdiction. *See Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Norton*, 422 F.3d 490, 496 (7th Cir. 2005) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)) ("The party invoking federal jurisdiction bears the burden of establishing [the] elements" of such jurisdiction, and "[e]ach element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof[.]"); *NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995) ("The party invoking federal jurisdiction bears the burden of establishing the elements of jurisdiction.").

In this case USB properly alleges that Mara Graff, Ron Graff, and Pepa Annel are citizens of Illinois.  Also, it appears that the jurisdictional minimum amount for purposes of federal diversity jurisdiction is satisfied in this case.  According to USB's complaint, the unpaid principal balance that Mara Graff and Ron Graff owe USB on the mortgage on the Graffs' Monroe County property is $206,646.51, together with an unspecified amount of daily interest accruing on the unpaid balance from the date the Graffs defaulted on the mortgage, attorneys' fees, foreclosure costs, late charges, advances, and expenses.  It appears that the lien held by Annel on the Monroe County property at issue in this lawsuit is only $600.00, well below the jurisdictional minimum amount for diversity purposes.  As a general rule, of course, "multiple . . . claims cannot be combined to reach the minimum amount in controversy" for diversity purposes.  *Stromberg Metal Works, Inc. v. Press Mech., Inc.*, 77 F.3d 928, 931 (7th Cir. 1996) (citing *Zahn v. International Paper Co.*, 414 U.S. 291 (1973)).  However, it is well settled that, in a diversity case, "when 'two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest,' the amount in controversy is the aggregate in which they each have their undivided share."  *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 608 (7th Cir. 1997) (quoting *Snyder v. Harris*, 394 U.S. 332, 335 (1969)).  "[W]hen two or more plaintiffs have a common, undivided interest in the subject matter of the litigation and a single title or right is involved in the litigation . . . the claims of the coparties [are] added together in determining whether the statutory amount in controversy requirement has been satisfied."  14AA Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3704 (3d ed. 1998 & Supp. 2010).  "The same exception to the basic rule against aggregation applies when the suit is against multiple defendants."  *Id*. (collecting cases). In this case USB is attempting to vindicate a single title or right that it claims to the Monroe County

property at issue in this case, and therefore USB's claims against the Graffs and Annel can be aggregated for purposes of the exercise of federal diversity jurisdiction. *See Sovereign Camp, Woodmen of the World v. O'Neill*, 266 U.S. 292, 297-98 (1924) (aggregation of a plaintiff's claims against multiple defendants whose claims against the plaintiff originated in a single conspiracy against the plaintiff); *McDaniel v. Traylor*, 196 U.S. 415, 427-31 (1905) (aggregation of claims against multiple lienholders asserting claims against the same estate of which the plaintiffs were the legal representatives).[2]

Unfortunately, USB fails to allege properly its own citizenship for purposes of federal diversity jurisdiction. In its operative complaint in this case USB alleges only that it "is a corporation incorporated under the laws of Ohio, and having its principal place of business in the State of Ohio." Doc. 2 at 1 ¶ 3. This is not correct. USB is a national banking association, and therefore its citizenship is determined by reference to both USB's principal place of business, which, as noted, USB alleges to be Ohio, and the state listed in USB's organization certificate. In general, of course, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. *See also Muscarello v. Ogle County Bd. of Comm'rs*, 610 F.3d 416, 426 (7th Cir. 2010) (quoting *Healy v. Sea Gull Specialty Co.*, 237 U.S. 479, 480 (1915)) (noting that, under 28 U.S.C. § 1653, "[p]arties may correct defective allegations of jurisdiction even during trial or appeal," but noting further that the plaintiff-appellant "has not availed herself of [the]

---

2.    The Court notes that, were USB's claim against Annel not within the Court's original jurisdiction in diversity, the Court could not exercise supplemental jurisdiction as to the claim. The statute that governs the exercise of supplemental jurisdiction in federal court, 28 U.S.C. § 1367, expressly prohibits the extension of supplemental jurisdiction to claims or parties joined pursuant to Rule 19 or Rule 20 of the Federal Rules of Civil Procedure in cases brought, as here, in federal diversity jurisdiction. *See* 28 U.S.C. § 1367(b).

opportunity" to amend her defective allegations of jurisdiction, and concluding that "[t]he plaintiff is absolute master of what jurisdiction [s]he will appeal to."). Moreover, "[w]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992) (quoting *Watkins v. Lujan*, 922 F.2d 261, 264 (5th Cir. 1991)). It appears to the Court that the defect in USB's pleading of its own state citizenship for diversity purposes can be cured readily through the filing of an amended complaint that sets out both USB's principal place of business, that is, Ohio, and the state listed in USB's organization certificate.

To conclude, it is hereby **ORDERED** that USB shall file an amended complaint that alleges both USB's principal place of business and the state listed in USB's organization certificate not later than Friday, February 18, 2011, at 12:00 noon. Failure to file an amended complaint as herein ordered will result in the dismissal of this case pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: February 12, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge